A testator bequeathed to his five children and his grandson, a minor, all his estate, to hold to them, their heirs and assigns, forever.  By another clause he directed his executors to hold the share devised to his grandson, in trust, to invest it during his grandson's· minority, and to apply the income or such portion of the principal as they considered proper to his support, and, upon his arriving at majority, to pay over to him the principal and its accumulations.  The will also provided that, if his grandson should die before attaining majority, without lawful issue, the principal and its accumulations should go to his (testator's) five children and their respective heirs.  *Held*, that the clauses of the will were not repugnant, and it was testator's intention not to vest the absolute ownership of any part of his estate in his grandson, unless he arrived at the age of 21 years, and that during his minority one-sixth of the estate should be held by the executors in trust.

2. EXECUTORS—DISTRIBUTION—PAYMENT TO GUARDIAN.

Where a will provided for the investment of an estate by the executor during the minority of a legatee, and the application of as much of the income or principal as the executor considered proper for the infant's support,·no direction will be made in a decree, in a settlement of the executor's account, for the payment of the accrued income on the infant's share to his special guardian.

Matter of the judicial settlement of the account of Mary Kottmeier and George Scherrer, as executors, etc., of Peter Scherrer, deceased. Decree.

C. J. G. Hall, for executors.

Gilbert W. Minor, special guardian, for Philip Scherrer.

ARNOLD, S.   The executors of the decedent's will having applied for a judicial settlement of their account, the special guardian appointed to protect the interest of Philip Scherrer, an infant grandson and legatee, by his report filed herein, submits to the court, as arising in respect to the manner in which the estate in the hands of the accounting parties shall be distributed, the question as to whether or not the said infant is entitled under the terms of the will to one-sixth of the estate (which consists of personalty only) absolutely, or whether such share shall be held in trust for him by the executors during his minority, and, in case he dies without issue before arriving at the age of 21 years, the principle of such share will belong to the persons mentioned in the will as entitled thereto in such

contingency. The testator, after directing by the first clause of his will that his executors shall pay his debts and funeral expenses, by the second clause gives and bequeaths to his five children and his grandson (the minor referred to) all his estate, real and personal, to hold to them, their heirs, executors, and assigns, forever, the said estate to be equally divided between them, share and share alike. By the third clause of the will he, however, orders and directs that his executors shall hold the said equal share of his estate devised to his grandson in trust to invest the same in such manner as they may deem most proper and advantageous during his minority, and apply the income thereof, or such portion of the principal sum as they may consider proper to his support, maintenance, and education, and upon his arriving at the age of 21 years said executors to pay over to him the said principal sum not so expended, and all accumulation thereof; and if his said grandson shall die before attaining majority, leaving no lawful child or children, he gives and bequeaths said principal sum and all the accumulation thereof to his (the testator's) five children and their respective heirs, to be equally divided between them, share and share alike. The special guardian submits that the provisions of the third clause are repugnant to those of the second; that by the latter the grandson takes one-sixth share of the estate absolutely; and that this cannot be cut down to a lesser interest by the provisions of the third clause, which are therefore void. This view is not supported by authority. In Tyson v. Blake, 22 N. Y. 558, where the testator directed his estate to be converted into money, which he bequeathed generally to his four grandchildren, but, in case one of them, Mary, should die without lawful issue, then her share to be divided among the other three, share and share alike, to them, their heirs and assigns, it was held that there was no repugnancy between the general bequest to the granddaughter and the provision for its diversion in the event of her death without issue. And in Norris v. Beyea, 13 N. Y. 273, it was held that where, after a devise or bequest in language denoting an absolute gift of the whole estate in fee, there was, in a subsequent part of the same will, a limitation over, in the event of the first devisee dying under age and without issue, the gifts were not repugnant to each other, but that the latter was a valid executory gift, and that in such cases, though the subject of the gift be money, the first legatee has only a usufructuary interest, while the continuance of his estate remains contingent. But, if the first legatee was authorized to spend the principal for his own purposes, a subsequent limitation, to take effect upon a contingency, would be void on the ground of repugnancy. In Taggart v. Murray, 53 N. Y. 233, it is stated to be a primary rule in the construction of wills that effect is to be given, if possible, to all its provisions, and no clause is to be rejected, and no interest intended to be given is to be sacrificed, on the ground of repugnancy, when it is possible to reconcile the provisions which are supposed to be in conflict. In accordance with this rule, it is held that subsequent clauses in a will are not incompatible with or repugnant to prior clauses in the same instrument, where they may take effect as qualifications of the latter without defeating the intention of the testator in making the prior gift. It seems quite clear, taking

the provisions of the second and third clauses of the testator's will together, that it was his intention not to vest the absolute ownership of any part of his estate in his grandson, unless he arrived at the age of 21 years; that during his minority one-sixth of the estate should be held by the executors in trust to be kept invested, and the income, or so much of the principal as might be found necessary, should be applied to the minor's support, and, if he should die before arriving at majority, without leaving issue, then that the share should go to the testator's five children. The decree should, therefore, provide that this share be retained by the executors as trustees, to be administered as provided by the will. The special guardian also asks for a direction providing for the payment of the accrued income on this share to the guardian of the minor. Such a direction, I think, would have no proper place in the decree. The application of either principal or income, or both, to the support of the infant, is confided to the trustees. If their discretion in that respect is abused, a proper application on behalf of the infant can be made in a subsequent proceeding. Present decree on notice of settlement. Decreed accordingly.